IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. CR S-03-0215 WBS KJM P

    vs.

DAVID RAPHAEL KING,

    Movant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On May 5, 2005, movant was found guilty of one count of conspiracy, twenty six counts of bank fraud, and two counts of identity theft. On September 7, 2005, he was sentenced to 51 months in prison.

        Movant's motion identifies no basis for relief in that the claims are vague, conclusory and, oftentimes, indiscernible. For this reason alone, movant's § 2255 motion should be denied. Cf. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). There are additional bases for rejecting movant's claims as well, to the extent they can be discerned, as discussed below.

        In his first claim, movant generally asserts his convictions violate the Fifth Amendment's prohibition against double jeopardy. Pet. at 5. Movant raised a double jeopardy

1

claim on appeal, which was rejected by the Ninth Circuit. See Docket Entry #307. To the extent movant is attempting to raise the same claim here, it is barred. United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). To the extent the claim is any different from the earlier claim, it is barred under the doctrine of "procedural default" because movant has not shown good cause for his failure to raise the claim on appeal or that he is actually innocent of the crimes of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998).

Movant also appears to claim counsel for respondent prevented him from conducting pre-trial interviews with some government witnesses. Pet. at 5. As with a portion of movant's first claim, he fails to show why he did not raise this issue on appeal and nothing suggests he could not do so. Therefore, movant's second claim also is procedurally defaulted. Id.

While it is not at all clear, movant appears to make three separate claims under the heading of ground three:

    1. His conviction was obtained by a coerced confession;

    2. Some of the counts in the operative indictment charged movant with more than one offense; and

    3. Some of the verdict forms defined more than one offense.

Pet. at 5.

As to the first and third sub-claims, movant again fails to show why he did not raise them on appeal, meaning the claims are procedurally defaulted. Id. The second sub-claim is barred because it was not raised before trial. See Fed. R. Crim. P. 12(b)(3)(B) (requiring that challenges to an indictment be raised before trial); United States v. Klinger, 128 F.3d 705, 708 (9th Cir. 1997) ("challenges based on the alleged duplicity of an indictment fall squarely within Rule 12(b)(2)'s mandate").

In his fourth claim, movant appears to assert he was denied his Sixth Amendment right to effective assistance of counsel in several respects. Pet. at 5. For example, in very

conclusory fashion, he seems to say counsel was ineffective for failing to challenge the court's handling of the trial, for failing to investigate government witnesses, and for failing to challenge the "duplicity" of charges. Id. In order to establish a Sixth Amendment violation for ineffective assistance of counsel, movant has the burden of showing that his counsel's performance was so deficient that it "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that the deficient performance resulted in actual prejudice to movant's defense. Id. at 687. Movant has failed to make either showing with respect to anything asserted in his fourth claim.

In another claim, movant appears to assert there was no evidence presented at trial that he manufactured identification cards or that he owned a computer or printer. Pet. at 5 (response to question 13). But movant fails to indicate what significance these facts have to these proceedings.[1]

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's 28 U.S.C. § 2255 (#309) motion be denied; and

2. The clerk of the court be directed to close the companion civil case No. CIV S-08-0235 WBS KJM P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

---

[1] Movant also raises a new claim in his traverse: that the trial judge should have recused. It is not appropriate to raise a new claim in a traverse. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Furthermore, the claim is procedurally defaulted because there does not appear to be any good reason why it was not raised on appeal. Bousley, 523 U.S. at 622.

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2009.

_____
U.S. MAGISTRATE JUDGE

1/ar
king0215.257